**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RON DAVIS, Individually and as                                          PLAINTIFFS
Personal Representative of the Estate of
Page G. Schumacher, Deceased; and
SHARON DAVIS, BRADLEY P. DAVIS,
ALICYN HEFLEY, and JULIANA BROOK
DAVIS, as named beneficiaries of the
Page Schumacher Estate, Page Schumacher Trust

v.                                          No. 4:15CV00079 JLH

REGIONS FINANCIAL CORPORATION;
REGIONS BANK; REGIONS TRUST;
RICHARD WIMMER; GREGORY FLANAGAN;
CONNIE DAVIS; CYNTHIA SIEGEL; REGINA TODD;
MICHAEL TODD; and RICHARD TODD                              DEFENDANTS

## OPINION AND ORDER

This is a fraud case.  The dispute concerns events related to a trust created by the Page G.

Schumacher, who resided in Branson, Missouri, before her death.  Document #41 at 2.  The

plaintiffs commenced this action in this district alleging five counts: (1) common law fraud, (2)

negligence and breach of fiduciary duty, (3) improper payments to Regina Todd, (4) civil

conspiracy, and (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

18 U.S.C. § 1962 and § 1964.  Before the Court are motions to dismiss on various grounds and, in

the alternative, a request to transfer the case to the Western District of Missouri.  For reasons that

will be explained, the motion to transfer is granted.

## I.    FACTUAL ALLEGATIONS

On June 25, 1996, Schumacher created the Page G. Schumacher Trust naming herself as

trustee and Union Planters Bank of Southwest Missouri as the successor trustee.  Document #27 at

4 ¶ 6.  Regions Bank is the successor-in-interest to Union Planters Bank.  *Id.*  On April 16, 2008,

Regina Todd obtained a durable power of attorney appointing herself as attorney-in-fact for Schumacher. *Id.* ¶ 7. Connie Davis, an employee of Regions Bank, drafted the durable power of attorney and notarized Schumacher's signature. *Id.* ¶ 8. The plaintiffs allege that the signature is not Schumacher's. *Id.* ¶ 7. The power of attorney was used on September 28, 2009, to resign Schumacher as trustee of the Trust. *Id.* Regions Bank was named successor trustee, accepted the appointment, and delegated Cynthia Siegel as the authorized signor for the Trust. *Id.* The plaintiffs allege that the durable power of attorney is invalid for a number of reasons, one of which is that Schumacher's signature was forged. *Id.* at 5 ¶ 9.

At some point, using the power of attorney, Siegel, Connie Davis, Regina Todd, and Richard Todd entered Schumacher's safe deposit box and made an inventory of the assets located there. *Id.* at ¶ 12. Sharon Davis requested and received from Regions Bank, via Siegel, that inventory. *Id.* Another copy was provided to the Missouri Probate Court by Regina Todd. *Id.* According to the plaintiffs, these documents differ in that one has the safe deposit box number, lists the people present when the box was entered, and omits the date that the inventory was taken. *Id.* The second version has the date the inventory was taken but not the other information. *Id.* The plaintiffs state that the list provided by Regions Bank shows the entry date to the safe deposit box as August 26, 2009, but Regions Bank was not appointed as successor trustee until September 28, 2009. *Id.* at 6-7 ¶ 12. Additionally, the plaintiffs allege that Regions Bank began acting as successor trustee without authority when Cynthia Siegel deposited checks into a Regions Bank Trust account payable to the Trust on August 26, 2009 with the checks dated September 28, 2009. *Id.* at 7 ¶ 13.

The plaintiffs allege that Regions Bank failed to provide thirty days notice to the beneficiaries of the resignation of Schumacher as trustee. *Id.* ¶ 14. They allege that the power of

2

attorney was illegally altered. *Id.* at 8 ¶ 16. They also allege the Trust terms were violated. *Id.* at 9-11 ¶¶ 18-21. And they allege other documents were forged or altered, some of which were used by Regina Todd to take control of the Trust's assets. *Id.* at 11 ¶ 22.

### A.    *The Defendants*

Regions Financial Corporation is a Delaware Corporation with its principal place of business in Birmingham, Alabama. Document #37-4 at 1. It is a financial services holding company and owns 100% of the stock of Regions Bank. *Id.* Regions Financial Corporation is registered with the Arkansas Secretary of State, but it has no physical presence in Arkansas, conducts no retail, commercial banking, trust or investment activity in Arkansas. *Id.* The amended complaint alleges that through its employees, Richard Wimmer and Gregory Flanagan, Regions Financial Corporation breached its duty to the beneficiaries of the Trust by converting the assets into risky forms of investments unintended by the settlor and by them engaging in "churning." Document #27 at 18.

Regions Bank is an Alabama state-chartered bank with its principal place of business in Birmingham, Alabama. Document #37-4 at 2. Regions Bank is qualified to do business in Arkansas as an "Out of State Bank" and conducts banking operations in Arkansas. *Id.* The amended complaint alleges that Regions Bank has earned substantial fees due to fraudulent activities in connection with the Trust. Document #27 at 16 ¶ 28. The amended complaint also alleges that Regions Bank violated its fiduciary duty as trustee by not using reasonable care and skill in the investing and handling of the trust assets. *Id.* at 17-19 ¶¶ 36-42.

The amended complaint alleges that Richard Wimmer and Gregory Flanagan breached their fiduciary duty by investing trust assets in forms of investments that were riskier than intended by Schumacher and that they engaged in "churning" the securities held by the Trust. Document #27

at 18 ¶¶ 37-38.  The amended complaint further alleges that Wimmer and Flanagan used forged documents in connection with the investment of trust funds.  *Id.* at 21 ¶ 52.  Neither is a resident of Arkansas.  *Id.* at 2 ¶ 3.

Cynthia Siegel is a vice president and trust advisor for Regions Private Wealth Management, a division of Regions Bank.  Document #37-2 at 1.  She is responsible for the administration of the Trust.  *Id.*  Siegel lives and works in Illinois, and she occasionally travels for work, but she has never traveled to Arkansas.  *Id.*  Although Siegel has mailed correspondence and other materials to Ron and Sharon Davis in Arkansas, she has not transacted business in Arkansas relating to the Trust.  *Id.* at 2.  Siegel does not own real property in Arkansas, nor has she entered into any contracts in Arkansas.  *Id.*  Siegel was the designated authorized signor of the Trust.  Document #27 at 6 ¶ 10.  She allegedly participated in providing a fraudulently altered asset inventory list using the mail or wire which crossed state lines.  *Id.* ¶ 12.  She also allegedly deposited checks into the Trust account prior to being authorized to do so and entered into Schumacher's safe deposit box without authorization.  *Id.* at 7 ¶ 13.  Siegel sent copies of the power of attorney that the plaintiffs claim is fraudulent to the Missouri Department of Health and Senior Services and to Sharon Davis in Arkansas.  *Id.* at 8 ¶ 16.  The plaintiffs allege that Siegel participated in a conspiracy to commit fraud, breached her fiduciary duty, made wrongful payments to Regina Todd, and committed negligence, *id.* at 20-21 ¶¶ 47-51, and violated the RICO statute.  *Id.* at 21-22 ¶¶ 52-58.

Connie Davis lives in Missouri and works for Regions Bank there.  Document #37-3 at 1.  She does not own real property in Arkansas and has never traveled to or transacted business in Arkansas related to the Page Schumacher Trust or any issues related to this lawsuit.  *Id.*  Davis notarized the allegedly forged signature of Schumacher on the power of attorney.  Document #27

at 4 ¶ 8.  Davis was present when entry was made into Schumacher's safe deposit box.  *Id.* at 6 ¶ 12.

The amended complaint alleges that she participated in a civil conspiracy to commit fraud,

negligence, breached her fiduciary duty, and wrongful payments to Regina Todd, *id.* at 20-21 ¶¶ 47-

51, and violated the RICO statute.  *Id.* at 21-22 ¶¶ 52-58.

Regions Trust is not a business entity or other legal entity.  Document #37-4 at 2.  The

nominal defendants, Michael Todd and Richard Todd, are residents of Iowa.  Document #27 at 2 ¶ 2.

They are named as defendants because they are beneficiaries of the Trust, but the plaintiffs do not

allege that they engaged in the conduct giving rise to this lawsuit.  *Id.*

Regina Todd is a resident of Iowa.  Document #53-1 at 1.  She has never worked in

Arkansas, does not own real property in Arkansas, and has transacted no business or entered into

any contracts in Arkansas.  *Id.*  She has traveled through Arkansas once, on a trip unrelated to the

events of this lawsuit.  *Id.*  The amended complaint alleges that Regina Todd participated in the

creation of a forged power of attorney that gave her control over Schumacher's personal life and

financial affairs.  Document #27 at 5 ¶ 9.  She allegedly used the power of attorney to resign

Schumacher as trustee and appoint Regions Bank instead.  *Id.* at 6 ¶ 10.  She also allegedly received

improper payments that she knew to be improper.  *Id.* at 19-20 ¶¶ 43-46.  Finally, she is alleged to

have participated in the civil conspiracy with Davis and Siegel and violated the RICO statute.  *Id.*

at 20-23 ¶¶ 47-58.

### B.      *Pending Motions*

Several motions are pending.  Regions Financial Corporation, Regions Trust, Cynthia Siegel,

Richard Wimmer, Gregory Flanagan, and Connie Davis filed a motion to dismiss the amended

complaint for lack of personal jurisdiction.[1]  Document #36.  In the alternative, that motion seeks dismissal of the amended complaint for failure to state a claim upon which relief may be granted. These same defendants, plus Regions Bank, have filed a motion to dismiss the amended complaint for improper venue, or to transfer the case to the Western District of Missouri, or to abstain. Document #40.  In addition, these defendants have filed a motion to dismiss the claims by Ron Davis for lack of standing and to dismiss the amended complaint as to common law fraud, civil conspiracy, and the civil RICO count because the plaintiffs have failed to plead with particularity as required by rule of civil procedure 9(b).  Documents #38 and #42.

Regina Todd has filed a motion to dismiss the amended complaint arguing that this Court lacks personal jurisdiction over her because she is a resident of Iowa and has not had the necessary contacts with Arkansas.  Document #53.

## II.    DEFENDANTS' MOTION FOR DISMISSAL FOR IMPROPER VENUE

As noted, the Regions Bank defendants have filed an alternative motion requesting this Court dismiss the plaintiffs' amended complaint for improper venue, transfer this action to the Western District of Missouri, Southern Division, or abstain.  Document #40.  Even if this Court lacks personal jurisdiction, the Court can transfer this action to a district where venue is proper.  "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962).

---

[1] Regions Bank concedes that it is subject to personal jurisdiction in Arkansas, so it did not join this motion.

6

Venue in a civil action is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, subsection (b)(1) does not provide venue in this district, nor in any other district, because the defendants are residents of different states. None of the allegedly wrong acts or omissions occurred in the Eastern District of Arkansas, so subsection 1391(b)(2) does not authorize venue here. Subsection (b)(2) does provide venue in the Western District of Missouri, because that district is a judicial district in which a substantial part of the events giving rise to the claim occurred. Branson, Missouri, is in the Western District of Missouri. Page Schumacher resided there and banked there. The durable power of attorney with her allegedly forged signature was executed there. Although not expressly stated, it appears that the entry into Schumacher's safe deposit box occurred there, the allegedly wrongful deposit of checks occurred there, and the allegedly wrongful payments were drawn on an account located there. Thus, many, if not most, of the events alleged in the amended complaint occurred there.

The plaintiffs argue that there is no district in which this action could otherwise be brought, so venue would be proper in this district pursuant to subsection 1391(b)(3). But, as noted, venue is proper in the Western District of Missouri, so that subsection does not apply.

The Court has discretion whether to dismiss the case or transfer it to the district where venue is proper. 28 U.S.C. § 1406(a). In the interest of justice, this action will be transferred to the

Western District of Missouri. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because . . . dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'").

## CONCLUSION

The Regions Bank defendants' motion to transfer to the Western District of Missouri is GRANTED because a substantial part of the events giving rise to the lawsuit occurred there. Document #40.  All other pending motions are denied without prejudice.

IT IS SO ORDERED this 20th day of October, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE